No. 9312.

HAINES ET AL. *v.* MARSHALL.

1. APPEAL AND ERROR—*The Testimony Heard Below,* is considered in the light most favorable to the defendant in error; and the court of review will indulge in every inference fairly deducible from the evidence in support of the judgment.

2. EASEMENT—*By User.* The use of water from a particular reservoir during a period of thirty years confers an easement by prescription, as against those who, during all such periods, knew and acquiesced in the user.

In the matter of acquiring title by prescription, to the use of water, no distinction is made between ditches and reservoirs.

3. EVIDENCE—*Presumptions*. The long and uninterrupted usage of water from a particular source raises the presumption that the use was adverse, and under claim of right.

4. PLEADINGS—*Construction*. An averment that the defendant owns a specified number of shares in a corporation, if admitted, is to be taken as if the amount named was the exact and only amount.

Everything by which fair and reasonable intendment may be inferred upon the complaint will be presumed by the court of review.

Action for an injunction to compel defendant to allow plaintiff to store water in a certain reservoir, and withdraw it for irrigation. The complaint made it apparent that the water could not be withdrawn otherwise than across the land of defendant. A decree accordingly was affirmed.

*Error to Jefferson District Court, Hon. Charles Cavender, Judge.*

Messrs. PONSFORD, CARNINE & KAVANAUGH, Messrs. CRUMP & ALLEN, for plaintiffs in error.

Mr. WILLIAM YOUNG, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

THIS is a suit for a mandatory injunction. The cause was instituted by Robert P. Rollins, hereinafter designated as the plaintiff, against certain persons as executors of the last will and testament of Julia Merritt, deceased. The controversy relates to a certain lake or reservoir, known as Ward Reservoir No. 1, situated in Jefferson County, Colorado, and upon land which was owned by the testatrix of the defendants. The reservoir, and the land upon which the same is located, is in the possession and control of the defendants, acting as executors. The reservoir in question is filled, or receives water, at certain times, from an irrigation ditch known as the Ward Ditch, and from another known as the Agricultural Ditch. Both plaintiff and defendants have rights in and to the water flowing in the above named ditches. The principal relief sought by the

plaintiff was an injunction compelling the defendants to allow the plaintiff to store his water from the above named ditches in Ward Reservoir No. 1, and to draw such water therefrom when needed for irrigation purposes. This and other relief was granted to the plaintiff by the decree of the trial court. The defendants bring the cause here for review.

The first contention of the plaintiffs in error, defendants below, is that the plaintiff "did not establish a right to store water in Ward Reservoir No. 1." The argument on both sides, on this branch of the case, is concerned chiefly with the evidence.

The testimony contained in the record should be viewed in the light most favorable to the party successful in the trial court. *Sebold v. Rieger,* 26 Colo. App. 209, 142 Pac. 201. The Appellate Court will draw every inference fairly deducible from the evidence in favor of the judgment. 4 C. J. 786, sec. 2739. The evidence in this case, when reviewed under the foregoing rules, establishes the facts hereinafter set forth, the most of which are substantially embodied in the findings in the trial court's decree.

The land now in possession of the defendants, and on which the reservoir in question is located, is known as the William S. Ward land, and was formerly owned by William S. Ward. The plaintiff's land, which is affected by the controversy over the storage rights in Ward Reservoir No. 1, is known as the Jasper D. Ward land, and was formerly owned by Jasper D. Ward.

Since about 1882, William S. Ward and his grantees or successors in interest, on the one hand, and Josper D. Ward and his grantees or successors, on the other hand, each were entitled to, and received, for the purpose of irrigating his or their respective lands, a certain amount of the water flowing in and through the ditches now known as the Ward Ditch and the Agricultural Ditch.

Ward Reservoir No. 1 was constructed, maintained, and used in or prior to the year 1882. It was used jointly by

William S. Ward and Jasper D. Ward from 1882 until 1899. In the latter year Jasper D. Ward conveyed his land to the plaintiff, and also transferred to plaintiff all his rights in ditches and reservoirs used for conveying or storing water applicable to such land. Since 1899 Ward Reservoir No. 1 was used jointly by William S. Ward and his successors, including the testatrix of the defendants, and by the plaintiff. The use of the reservoir during all of the time hereinbefore mentioned was not merely as a right of way for the conveyance of water, but the reservoir was maintained for the purpose of storing the water to which the respective parties were entitled, and which they they received from the Ward Ditch and the Agricultural Ditch, so that such water could be withdrawn and applied on their lands at times when there was not sufficient running water in the ditches to meet the needs of irrigation.

The plaintiff at the time this suit was brought was the owner of three shares of stock in the Agricultural Ditch and Reservoir Company and, by virtue of such stock, was entitled to 120 inches of water from the Agricultural Ditch. He also owned 1,800 shares in the Ward Canal Company, and was entitled to his proportionate share of the water from the Ward Ditch. These water rights, or substantially the same water rights, were held by the plaintiff ever since he acquired the Jasper D. Ward land, in 1899, or for a period of seventeen years. During all of this time his water from the Agricultural Ditch and from the Ward Ditch had been diverted into and stored by him in Ward Reservoir No. 1, and there retained until needed for the irrigation of his lands. From the facts hereinbefore noted, it appears that Ward Reservoir No. 1 had been used by the plaintiff and his grantor, as well as by the defendants and their predecessors in interest, for the purpose of storing water, belonging to the respective parties from the two ditches above mentioned, from the year 1882 until the time this action was brought, in 1916. This covers a period of thirty-four years. Such period is unquestionably long

enough to enable the plaintiff to claim the right to store water in the reservoir, as an easement acquired by prescription. The evidence shows that the use was uninterrupted for that length of time. The presumption is, therefore, that such use was adverse and under a claim of right. The testimony shows that the use of the reservoir, for the purpose of storing water, by the plaintiff and his grantor, was with the knowledge and acquiescence of the defendants and their predecessors in interest. The open, exclusive, adverse and peaceable possession and use of an irrigating ditch for over thirty years, gives title as complete as if acquired by purchase or condemnation. *Sebold v. Rieger, supra; Allen v. Swadley,* 46 Colo. 544, 105 Pac. 1097. In the matter of acquiring title by prescription, there is no distinction between ditches and reservoirs for irrigation. *Edwards v. Roberts,* 26 Colo. App. 538, 144 Pac. 856.

For the reasons above indicated, we cannot sustain the contention, above mentioned, of the plaintiffs in error. We find no error in the trial court's granting to, or confirming in, the plaintiff the right to store water in Ward Reservoir No. 1.

The second contention of the plaintiffs in error is that the court erred in decreeing the relative storage rights in proportion to the stock ownership of each party to this action, in the ditch companies hereinbefore mentioned. It is conceded that no testimony was offered as to the stock ownership of the defendants, or as to the amount of water which they are entitled to store in the reservoir. The contention, as argued, raises the question as to whether or not the pleadings, and particularly the admissions in the answer, are sufficient to dispense with testimony upon this matter.

The complaint alleges that the defendants have control of four shares of stock in the Agricultural Ditch, and are entitled to 160 inches of water therefrom; and, that they have control of 5,300 shares in the Ward Ditch. The answer specifically admits such allegations. The theory of the

defendants now is that the answer is not an admission that the amount of shares named in the complaint is the *only* amount which they possess, and is not an admission that they do not own or control a *greater* amount. This theory is not tenable. The allegations in the complaint naming the amount of the defendants' stock have the same effect and should be construed to mean the same as if the amount named was described as the exact and only amount. Such was the evident intent of the pleader. The admissions in the answer are stated without qualification, and must be given the same scope as the allegations admitted. No other part of the answer places the admissions in any different light. The contention must therefore be overruled.

The last and remaining contention of the plaintiffs in error is, in effect, that certain relief is granted by the decree which does not conform to the case made out by the pleadings. This contention relates to that part of the decree which, after fixing the storage rights of the parties in Ward Reservoir No. 1, provides:

"That the plaintiff herein, his heirs, representatives or assigns, be permitted to draw therefrom at such times as they may desire, through the estate controlled by said defendants as executors, down to said Reservoir No. 5, through the ditches as at present constructed, any and all said storage waters so belonging to the plaintiff, without let or hindrance from defendants."

The complaint alleges that plaintiff and his grantor "have at all times heretofore," covering a period of thirty-three years, "been allowed to draw" their waters from Ward Reservoir No. 1. The relief prayed for includes the right "to draw said waters from said reservoir (Ward Reservoir No. 1) in the future, as has heretofore been the custom in the past." Everything which by fair and reasonable intendment may be inferred from the averments of the complaint will be presumed by the Appellate Court, especially where, as in the instant case, the sufficiency of the com-

plaint was not tested in any manner. 4 C. J. 745, sec. 2677.

While the complaint does not allege how the water was withdrawn from Ward Reservoir No. 1, it sufficiently shows that it could not be withdrawn otherwise than across the lands of the defendants. At any rate the complaint was so regarded by both parties. It was assumed that in case the plaintiff established his right to store water in Ward Reservoir No. 1, he would have as an incident to such right, an easement across the defendant's land for the purpose of conveying such water to his own lands. Sustaining the allegation of the complaint, the evidence shows that the only manner in which water was withdrawn from Ward Reservoir No. 1, by the plaintiff and his grantor, was through a ditch running across the defendants' land. This ditch connects Ward Reservoir No. 1 with Reservoir No. 5, mentioned in the decree, which also lies upon the land of the defendants, one mile east and below Ward Reservoir No. 1.

In our opinion, the decree conforms to the pleadings, and the contention in question in therefore overruled.

The judgment and decree is affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.