No. 21539.

JOHN A. MCKELVY, ETHEL M. MCKELVY, WILLIAM C. TAYLOR, AND LEONA L. TAYLOR *v.* MALCOLM J. COOPER AND MARGARET E. COOPER.
(437 P.2d 346)

Decided February 19, 1968.

BROOKS AND MILLER, JERRY D. LINCOLN, for plaintiffs in error.

THOMAS W. WHITTINGTON, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS is a quiet title action under R.C.P. Colo. 105 brought in the trial court by Malcolm Cooper and Margaret Cooper, defendants in error here. They sought to establish title by adverse possession (C.R.S. 1963, 118-7-1) to certain ranch property located in Gunnison County. Plaintiffs in error, John and Ethel McKelvy, as record owners of the land in dispute, and as owners of the Neversink Placer ranch adjoining the Coopers' land, counterclaimed for a decree quieting their title. William C. and Leona L. Taylor, who had sold to the McKelvys, were also joined as defendants because of their interest in a trust deed on the property.

The cause was tried to the court sitting with an advisory jury. There were 1477 folios of pleadings and testimony and numerous exhibits produced by the proceedings. After trial, special verdicts were returned determining that the Coopers' predecessors in interest in 1926 had perfected a title to the disputed property by adverse possession for twenty years. The district court adopted the jury's verdicts and entered its Find-

ings of Fact and Conclusions of Law as well as its Decree quieting title to the land in the Coopers. From this judgment, the McKelvys and Taylors bring their writ of error.

There are two parcels involved in this controversy. The first tract contains approximately fifteen acres along the Gunnison River in the Northeast Quarter of Section 13, Township 49 North, Range 2 West, N.M. P.M. The second tract is a narrow one-acre parcel extending easterly from the first parcel.

Two grounds are urged for reversal, *viz:*

(1) That the evidence was insufficient to establish adverse possession in the Coopers; and,

(2) That the trial court erred in failing to enter Findings of Fact and Conclusions of Law which expressly determine each of the prerequisites of adverse possession.

As to the first ground, the McKelvys' position generally is:

(a) That they and their predecessors in interest held record title and paid taxes on the property during the crucial period; and,

(b) That even though the evidence showed use of the land by the Coopers and their predecessors in title, nevertheless such was at best a mixed or ·common usage which is insufficient to dispossess the record owners.

The determination of the validity of these contentions, of course, lies in the evidence presented.

Briefly, the evidence shows a fencing in of the disputed tracts (using a river cliff in part) beginning in 1906, and an uninterrupted use by the Coopers' predecessors in interest for pasturage and haying. The use, if believed by the trial court as it was, showed exclusive, open, notorious, continuous and adverse possession for the then requisite twenty year period ending in 1926. In addition, the record shows that the McKelvys' predecessors in title had recognized and acquiesced in the

Coopers' possession and use of the property. One of them had even traded some horses for pasture rent for part of it after the Coopers' rights were vested. And except for a few disagreements testified to by McKelvys' witnesses as to fishing rights along the river, there seemed to have been no material dispute as to the Coopers' rights until shortly before this suit began and after the highway department desired to acquire an additional right-of-way which affected these lands.

■■■■ We hold that the evidence, though in direct conflict in a few particulars, adequately supports the Findings and the Decree in favor of the Coopers as to the adverse possession issue. See, *e.g., Reinhardt v. Meyer*, 153 Colo. 296, 385 P.2d 597 (1963); *Allen v. Swadley*, 46 Colo. 544, 105 P. 1097 (1909). Certainly a mere casual intrusion by a fisherman, or even by several, as relied upon in part here by the McKelvys, did not deprive the Coopers' possession of its exclusive character or defeat their claim to the two tracts. See: *Pulcifer v. Bishop*, 246 Mich. 579, 225 N.W. 3 (1929); and see 5 G. Thompson, Real Property § 2547 (1957 ed.).

■■■ As to the contention that the district court erred in failing to enter a complete Findings of Fact as to each element of adverse possession, we likewise find no merit under the posture of this case. The district court fully instructed the jury as to the meaning of each prerequisite of adverse possession: actual, hostile, adverse, open, notorious and continuous possession. The six advisory verdicts, adopted by the trial court, necessarily rested upon conclusions as to each of these elements.

■■■ It is not error for a trial court to adopt advisory verdicts in its Findings of Fact. In *Wilson v. Ward*, 26 Colo. 39, 44, 56 P. 573, 574 (1899), it was stated:
" * * * In an equity cause, where issues are submitted to a jury, their verdict is merely advisory to the court, and may be disregarded, but the adoption of such

verdict by the court is equivalent to its findings on the questions thereby determined."

The judgment is affirmed.

Mr. Chief Justice Moore and Mr. Justice Pringle concur.