No. 22874.

Victor P. Schoenherr and Delores S. Schoenherr *v.*
Howard E. Campbell and Carolene L. Campbell.
(472 P.2d 139)

Decided July 20, 1970.

CLIFTON B. KRUSE, JR., for plaintiffs in error.

MURRAY, BAKER & WENDELKEN, GERALD W. BENNETT, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THE Campbells were the plaintiffs in the trial court where they commenced a quiet title action pertaining to a portion of lot 1, Luna Vista Heights, a subdivision of El Paso County. Record title to this portion of lot 1 was in the Schoenherrs, the plaintiffs in error.

The Campbells are the record owners of lot 9 which adjoins the above described lot 1. The portion of lot 1 in dispute is triangular in shape and has been occupied and maintained by the Campbells and their predecessors in title for over 18 years and since the subdivider and then common owner of lots 1 and 9 allegedly relocated the boundary line between these lots by grading in a barrier and installing a hedge.

After trial to the court, judgment was entered in favor of the Campbells. The trial court concluded that the Campbells and the Schoenherrs, and their respective predecessors in title, as adjacent landowners of record, had established the relocated boundary line as the "final and decisive boundary line between their respective lands by agreement or acquiescence" for a period in excess

of the statutory eighteen years, and that the possession of the triangular portion of lot 1 by the Campbells and their predecessors in title was adverse.

C.R.S. 1963, 118-7-1 provides that 18 years adverse possession of any land shall be conclusive evidence of absolute ownership.

A substantially correct summarization of the evidence is contained in the following findings of fact by the court: "That the Plaintiffs are the record owners in joint tenancy, and in possession of that portion of Lot 9 in Luna Vista Heights described in the complaint, and the Defendants, Victor P. Schoenherr and Dolores S. Schoenherr are the record owners in joint tenancy of Lot 1 in Luna Vista Heights. That Lot 1 and the above-described portion of Lot 9 adjoin.

"That one John Ceresa, the original owner and developer of Luna Vista Heights, El Paso County, Colorado, caused the plat of said subdivision to be recorded in 1946. That thereafter in the same year, the said John Ceresa caused Lot 9 to be divided into two approximately equal parcels. That subsequently, construction of a home on the Northerly portion of Lot 9 described in the complaint was commenced, and thereafter, in 1946, the boundary between said Lots 1 and 9 as shown on the recorded plat was changed by the said John Ceresa to its present location. That since 1946 and continuously to date, said boundary as relocated has remained unchanged and has been clearly marked and located by a bulldozer, ditch, hedge, lawn, trees, cement curbing, and underground sprinkling system.

"That the said John Ceresa at the time of relocation of said boundary line was the common owner of said Lots 1 and 9; that since 1946 and at all times until November of 1965, all of the subsequent owners of Lots 1 and 9 agreed to and acquiesced in the boundary as relocated, and Plaintiffs and their predecessors in title occupied and possessed the property which is described in the complaint as a portion of Lot 1 up to said boundary as

relocated, openly, notoriously, continuously and adversely for more than the statutory period of eighteen years."

The relocated boundary line between lots 1 and 9 cuts through the platted boundary line at about midway. The result is to add to lot number 1 a triangular portion of lot number 9 and to add to lot 9 a triangular portion of lot number 1, which latter portion is the subject matter of this case. Both triangular portions are substantially equal in area. The testimony indicated that for several reasons involving topography and drainage, the relocated boundary line was more feasible than the platted boundary line.

In seeking reversal, the Schoenherrs argue that the evidence fails to establish adverse possession by the Campbells and their predecessors in title. They premise their argument on the fact that at all times since the Campbells and their predecessors possessed and maintained the disputed portion of Lot 1, there has been a recognition of the record title and its variance with the relocated boundary line.

The Schoenherrs also argue that the Campbells in recognizing that they did not have record title to this portion of lot 1, made efforts to trade deeds on the two triangular portions of lot 1 and 9 and that this reveals that the Campbells did not repudiate the Schoenherrs record title and that therefore the Campbells possession of this portion of lot 1 was not hostile or adverse.

In our view, the rationale and substance of the arguments for reversal are without support and we therefore affirm the trial court's judgment.

██ A recognition of record title does not demonstrate an intent not to possess adversely. Here, there is no dispute in the evidence that the Campbells and their predecessors for over 18 years, without any interruption, possessed, occupied and maintained as their own, the disputed portion of lot 1. Under these circumstances, the very fact that it was recognized that the record title of this portion of lot 1 was not in the names of the owners

of lot 9, enforced and strengthened the claim of adverse possession. See *Trueblood v. Pierce,* 116 Colo. 221, 179 P.2d 671 wherein it is stated that adverse possession cannot be sucessfully established unless there is an intent on the part of the occupier to possess real estate to which he has no title by deed.

The evidence supports the trial court's finding that the present and past record owners of lots 1 and 9 recognized the boundary line as relocated, and that the Campbells and their predecessors in title occupied and possessed the triangular portion of lot 1 openly, notoriously and continuously for more than the statutory period of 18 years.

Whether or not possession is adverse is generally a question of fact to be determined by the fact finder. *Anderson v. Cold Spring Tungsten, Inc.,* 170 Colo. 7, 458 P.2d 756. There is ample evidence to support the trial court's finding that the Campbells and their predecessors in title adversely possessed the property in question for over the statutory period.

The remaining argument that the subdivider established a barrier rather than a boundary line, is without any support in this record. The evidence fully supports the finding that the subdivider intended to establish a new boundary; that he bladed in a barrier to show this boundary; that the subsequent owners of lots 1 and 9 agreed and acquiesced in the new boundary line; and that the Campbells and their predecessors possessed and occupied as their own the land up to the relocated boundary line.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.