545 P.2d 158 (1975)
Edna F. BUSHEY and Vanguard V, Ltd., Plaintiffs-Appellees,
v.
The SEVEN LAKES RESERVOIR COMPANY, a Colorado Corporation, et al., Defendants-Appellants.
No. 75-178.
Colorado Court of Appeals, Div. II.
November 13, 1975.
Rehearing Denied December 4, 1975.
Certiorari Denied January 26, 1976.
*159 Hammond & Chilson, John H. Chilson, Loveland, for plaintiffs-appellees.
John Waldo Kinkade, William H. Southard, Greeley, for defendants-appellants.
Selected for Official Publication.
RULAND, Judge.
Defendant The Seven Lakes Reservoir Company appeals from a judgment for plaintiffs, Edna F. Bushey and Vanguard V, Ltd., in an action instituted by plaintiffs to quiet title to certain property bordering two reservoirs owned by Seven Lakes. We affirm in part and reverse in part.
The material facts pertinent to this review are not disputed. In 1901 Seven Lakes acquired title by deed to certain land in sections 6 and 7, township 5 north, range 68 west, 6th principal, meridian, upon which it constructed Lake Heinricy and Lake Westerdoll. In addition to the land required for the reservoirs, the deeds conveyed an additional strip two rods wide "to cover the prospective damages to the lands above the high-water line" of the reservoirs. However, in order to preserve to the grantor the right to pasture and water livestock in the area immediately adjacent to the reservoirs, the deeds precluded Seven Lakes from erecting fences around the reservoirs.
In 1906 Seven Lakes acquired additional small parcels to the west of Lake Heinricy in section 6. The deed conveying these parcels reserved to the grantor the use and enjoyment of the lands so long as it was not required and actually used by Seven Lakes for "its regular reservoir purposes."
The reservoirs may be described as roughly parallel to each other and approximately 1,800 feet apart. Lake Westerdoll is situate to the west of Lake Heinricy.
Plaintiffs' predecessors in title owned that part of the land between the two reservoirs lying in section 6 as well as land to the north of Lake Westerdoll and that part of the west side of Lake Westerdoll situated in section 6. Some years prior to 1946, plaintiffs' predecessors erected fences along the high-water line of each of the reservoirs and commenced to farm and pasture the area up to the fence line. By erecting the fences as indicated, plaintiffs' *160 predecessors took possession of land acquired by Seven Lakes in the 1901 deeds and the parcels acquired by Seven Lakes in 1906. The area from plaintiffs' deeded property line to the fence is the disputed area at issue in this action.
In 1946 a controversy arose between Seven Lakes and plaintiffs' predecessors relative to the boundaries of the reservoirs and the washing out of a certain ditch. On the basis of correspondence from Seven Lakes to one of plaintiffs' predecessors in title, it appears that Seven Lakes was aware at that time that an adverse claim was being asserted as to the boundaries of their lands. Thereafter plaintiffs' predecessors and plaintiff Edna Bushey and her husband continued to farm and pasture the disputed area for a period well in excess of 18 years. In 1970 Edna Bushey entered into a contract for sale of her property to plaintiff Vanguard V, Ltd.
Because both reservoirs extend south of plaintiffs' south property line, Seven Lakes had access to its property without crossing over plaintiffs' property and the disputed area. However, employees of Seven Lakes have at different times entered plaintiffs' property and the disputed area to spray weeds and remove trash on the reservoir side of the fence and to inspect the reservoirs. At other times, employees of Seven Lakes and Edna Bushey's husband worked together in spraying weeds along the fence.
According to an expert who testified at trial, the subsurface area adjacent to the high-water line on each reservoir is utilized by Seven Lakes for underground storage of water. With the exception of a portion of land on the west side of Lake Heinricy, the expert was unable to state how far the underground water basin extends under the land next to each reservoir. As to this land, the area was identifiable because the water percolates and seeps to the surface when the reservoir is full, and water on the surface of the reservoirs flows under plaintiffs' fence at times. In this area, the seepage problems prompted Bushey to erect a tile ditch for drainage purposes.
Trial was held to the court which entered extensive findings of fact, conclusions of law and judgment determining that plaintiffs were entitled to a decree quieting title to the surface of the disputed area. The trial court ruled that plaintiffs' use of the surface was subject to Seven Lakes' natural seepage, drainage, and underground storage rights. The trial court also awarded Seven Lakes an easement (the boundaries of which were established by stipulation between the parties) across that part of the disputed area adjacent to Lake Heinricy wherein water percolates and seeps to the surface from time to time.

I. Sufficiency of the Findings
Seven Lakes concedes that the trial court's findings of fact relative to adverse possession may not be overturned on appeal if supported by evidence. See, e.g., Segelke v. Atkins, 144 Colo. 558, 357 P.2d 636; Niles v. Churchill, 29 Colo.App. 283, 482 P.2d 994. Nevertheless, it contends, in effect, that even assuming the facts as found by the trial court, they are insufficient, as a matter of law, to support the conclusion that plaintiffs occupied the disputed area exclusively, continuously, and adversely to Seven Lakes for the prescribed 18-year period.
In support of this contention, Seven Lakes relies upon the trial court's finding that its employees had crossed the disputed area from time to time to spray weeds along the fence line and to inspect the reservoir and upon the fact that Bushey did not take any steps to prevent those incursions. Seven Lakes reasons that plaintiffs' failure to exclude its employees amounts to an acknowledgement of Seven Lakes' superior title so that plaintiffs' possession cannot be considered adverse, continuous, or exclusive. We disagree.
*161 On supporting evidence, the trial court also found that the occasional entry by Seven Lakes' employees on some of the disputed area for the purposes specified was not an entry which interrupted in any way plaintiffs' occupancy of the disputed area for pasturing livestock and farming. Under such circumstances, we agree with the trial court's legal conclusion that entry by the record owner does not destroy the adverse possession when, as here, such entry is for a specific and limited purpose, see 5 G. Thompson, Real Property § 2552 (1957 ed. replacement), and is consistent with the type of possession asserted by the adverse claimant. Cf. Anderson v. Cold Spring Tungsten, Inc., 170 Colo. 7, 458 P. 2d 756. To disrupt the adverse possession claim, the record owner must assert a claim to the land or perform an act that would reinstate him in possession. See Kendrick v. Klein, 65 Cal.App.2d 491, 150 P.2d 955; cf. McKelvy v. Cooper, 165 Colo. 102, 437 P.2d 346; Concord Corp. v. Huff, 144 Colo. 72, 355 P.2d 73.

II. Permissive Use
Seven Lakes contends that the activities of plaintiffs over the years were consistent with the rights reserved to them by the deeds conveying the disputed area to Seven Lakes, and that, therefore, plaintiffs' occupancy and use of the disputed area must be considered as permissive and not adverse. We disagree.
The trial court found based upon the evidence that as early as 1946 Seven Lakes was on notice that plaintiffs' farming and use of the disputed area for pasture was based upon an adverse claim to the record title of Seven Lakes and not upon any rights accruing to them under the terms of the deeds. The trial court's finding in favor of plaintiffs on this issue is supported by the evidence and may not be disturbed on review. Thiele v. State, 30 Colo.App. 491, 495 P.2d 558.

III. Joint Use of the Disputed Area
Seven Lakes contends that the trial court's award to it of use of the subsurface of the disputed area for underground storage of water and the award of an easement along a portion of the west side of Lake Heinricy reflects a joint use of the property by Seven Lakes and plaintiffs which precludes entry of any judgment for plaintiffs based upon adverse possession.
As to the use of the subsurface for underground storage of water, we cannot agree with Seven Lakes' contention. While joint possession of property by the record owner and an adverse claimant precludes the adverse claimant from acquiring title by adverse possession, Dzuris v. Kucharik, 164 Colo. 278, 434 P.2d 414, use of the subsurface, in our view, constitutes a severance of the subsurface estate from the surface similar to severance of the mineral estate by actual mining. Delaware & H. Canal Co. v. Hughes, 183 Pa. 66, 38 A. 568. Where the minerals have been severed, separate estates exist and use of the surface by an adverse claimant does not establish an adverse claim against the severed minerals. Calvat v. Juhan, 119 Colo. 561, 206 P.2d 600; Brian v. Valley View Cattle Ranch, Inc., Colo.App., 535 P. 2d 237. By the same reasoning, plaintiffs' use of the surface did not establish an adverse claim to the subsurface storage basin and use of the subsurface by the landowner does not qualify as a joint use so as to preclude plaintiffs from acquiring the surface by adverse possession. See Delaware & H. Canal Co., supra.
As to the area covered by the easement awarded Seven Lakes by the trial court, we agree with Seven Lakes' contention as stated. Joint possession of the surface by the record owner and the adverse claimant preserves the owners' rights as against the adverse claimant. Dzuris v. Kucharik, supra; Surface Creek Ditch & Reservoir Co. v. Grand Mesa Resort Co., *162 114 Colo. 543, 168 P.2d 906. We conclude that possession of the surface is secured by use thereof through seepage and percolating waters from Seven Lakes reservoirs especially where, as here, the percolating waters actually interfered with the adverse use by plaintiffs. Hence, Seven Lakes is entitled to a decree quieting its title to that area awarded it by the trial court as an easement only.
The judgment is affirmed in all respects except as to the easement awarded Seven Lakes. That portion of the judgment is reversed and the cause remanded with directions for entry of judgment quieting title in Seven Lakes in the area previously described as an easement.
SMITH and KELLY, JJ., concur.