**OCMULGEE PROPERTIES INC., a Georgia corporation, Plaintiff–Appellant,**

v.

**Ross D. JEFFERY, Defendant–Appellee.**

No. 00CA1593.

Colorado Court of Appeals, Div. V.

Oct. 11, 2001.

Certiorari Denied Sept. 3, 2002.

Goluba & Goluba, P.C., Nicholas W. Goluba, Jr., Glenwood Springs, CO, for Plaintiff–Appellant.

Brownstein Hyatt & Farber, P.C., James Lochhead, Andrew Lawrence Spielman, Denver, CO, for Defendant–Appellee.

Opinion by Judge NIETO.

Plaintiff, Ocmulgee Properties Inc., appeals a judgment quieting title to a parcel of real property in defendant, Ross D. Jeffery. We reverse and remand with directions.

Plaintiff commenced this action to quiet its title based on adverse possession. Defendant counterclaimed to quiet title based on his record ownership.

The matter was tried to the court based on the parties' stipulation. The stipulation set forth facts and provided that "Plaintiff is the owner of the disputed property by virtue of adverse possession of more than eighteen years unless, as a matter of law, such adverse possession was interrupted by the following events": (1) defendant's predecessor in title successfully applied to the board of county commissioners to subdivide certain property, including the disputed property, and for an exemption from county subdivision regulations; and (2) plaintiff's predecessor in interest received notice of the application as required by the county regulations, but did not appear at the public hearing on the application and did not object to it. The parties also stipulated that the only issue presented in the case was: "Whether the period of adverse possession of Plaintiff and its predecessors in interest was, as a matter of law, interrupted as a result of the events recounted above. . . ."

The trial court found that the successful application was "an exercise of dominion consistent with that of an average landowner asserting exclusive ownership and control." The court also found that pursuit of the application by the record owner was so vital and fundamental to the future use and development of the property that, as a matter of law, it constituted an exercise of control over the property sufficient to interrupt plaintiff's adverse possession. The court then concluded that plaintiff's period of adverse possession had been interrupted by the application and quieted title in defendant.

Plaintiff contends that the trial court erred by concluding that the application and the notice provided to its predecessor in interest constituted, as a matter of law, an interruption of the period of adverse possession. We agree.

 Here, because the controlling facts are stipulated and therefore undisputed, the legal effect of those facts is a question of law. The appellate court is not bound by the trial court's conclusions of law, and hence our review is *de novo*. *Lakeview Associates, Ltd. v. Maes,* 907 P.2d 580 (Colo.1995).

 It is the character of the claimant's possession under a claim of right that gives rise to title by adverse possession. The possession must be "actual, adverse, hostile, under claim of right, exclusive and uninterrupted for the statutory period." *Smith v. Hayden,* 772 P.2d 47, 52 (Colo.1989). Therefore, where the claimant has been in possession for the required period, the record owner must show an interruption of some aspect of the possession to defeat the claim; mere assertion of a claim of record ownership is not sufficient. Indeed, the claimant's recognition of the owner's record title while claimant remains in possession strengthens the adverse possession claim. *Schoenherr v. Campbell,* 172 Colo. 306, 472 P.2d 139 (1970).

 "To disrupt the adverse possession claim, the record owner must assert a claim to the land or perform an act that would reinstate him in possession." *Bushey v. Seven Lakes Reservoir Co.,* 37 Colo.App. 106, 109, 545 P.2d 158, 161 (1975). *See also* 16

Richard R. Powell, *Powell on Real Property* § 91.07[2] (1999)(owner can interrupt claimant's adverse possession by obtaining a judgment against claimant or by openly entering the property with intent to take possession and effectively exclude the claimant); 4 Herbert T. Tiffany, *The Law of Real Property* § 1161 (3d ed. 2000)(adverse possession is interrupted by the owner's entry on the land for the purpose of taking possession or by legal action to recover possession).

The question of whether a record owner's successful application to subdivide property and for an exemption from county subdivision regulations constitutes an exercise of control over property sufficient to disrupt the period of adverse possession by a claimant in actual possession of the property is an issue of first impression in Colorado.

 "The very essence of adverse possession is that the possession must be hostile, not only against the true owner, but against the world as well." *Lovejoy v. School District No. 46,* 129 Colo. 306, 311, 269 P.2d 1067, 1069 (1954). It is actual possession of the property in a manner hostile to the record owner's right to possession that leads to title by adverse possession. The doctrine of adverse possession recognizes the record owner's right to exercise dominion over the property, but holds that the right is lost if a claimant adversely possesses the property for the required time. *See* § 38–41–101, C.R.S.2001.

 Here, the proceedings on the application before the county commissioners, standing alone, did not dispossess plaintiff, nor did they constitute an entry on the land sufficient to reinstate the record owner in possession. The proceedings did not constitute legal action to regain possession of the land or the equivalent of such an action. Given the parties' stipulation that plaintiff remained in possession of the land, the proceedings did not result in an ejectment of plaintiff or its predecessors in interest. Thus, acts of the record owner that did not include re-entry upon the land with intent to possess it and did not constitute legal action to retake possession of it were insufficient to interrupt the period of adverse possession of

plaintiff who continued in actual, hostile possession of the property.

Accordingly, we conclude that the record owner's successful application for exemption from county subdivision regulations did not interrupt plaintiff's period of adverse possession, and the trial court erred in concluding otherwise.

To support the trial court's conclusion, defendant relies on the following statement in 4 Tiffany, *supra*, § 1141: "In the same vein, acts of the record owner with respect to the premises indicative of ownership, but not of possession, impair the exclusiveness of adverse possession." Tiffany, in turn, cites *C & F Realty Corp. v. Mershon*, 81 N.M. 169, 464 P.2d 899 (1969) to support the statement. We do not find the statement in § 1141 persuasive, because *C & F Realty* does not support the proposition. There the court held that a record owner's placement of "for sale" signs on his property *did not* impair the exclusiveness of a claimant's adverse possession. *See also* 4 Tiffany, *supra*, §§ 1160 ("Statements and requests of a landowner, claiming land adversely possessed by another, do not suffice to interrupt the continuity of the adverse possession."), 1161 (the record owner can assert his right to the land by entry onto the land or by legal action to recover possession).

Defendant also relies on dictum in *Mann v. La Salle National Bank*, 205 Ill.App.3d 304, 150 Ill.Dec. 230, 562 N.E.2d 1033 (1990) to support the trial court's conclusion. In *Mann*, the court held in favor of the record owner, finding that the requisite period of adverse possession had not run. However, in dictum, the court also stated that the record owner's application for a zoning variance was an act of dominion that interrupted the period of adverse possession. Inasmuch as the opinion is not grounded on the application for variance, we do not find *Mann* persuasive and decline to follow it.

Defendant also argues that the failure of plaintiff's predecessor to object to the application after receiving notice of the proceedings amounted to recognition of defendant's predecessor's title and right to exclusive control of the disputed property. Be that as it may, such recognition would not interrupt the adverse possession.

 "A recognition of record title does not demonstrate an intent not to possess adversely." *Schoenherr v. Campbell, supra*, 172 Colo. at 309, 472 P.2d at 141; *see Smith v. Hayden, supra* (even if an adverse possession claimant had conceded the ownership of the record title holder, that concession did not negate the claimant's intent to adversely possess the disputed property).

Here, plaintiff's actual possession of the property was not disrupted, and even if plaintiff's predecessor recognized that defendant's predecessor was asserting ownership of the disputed property, that fact, standing alone, does not demonstrate that plaintiff ceased to adversely possess the property. The parties stipulated that plaintiff and its predecessors actually occupied and used the property throughout the eighteen-year period under a claim of right and in a manner hostile to the rights of the record owner. Under these circumstances, recognition of the record owner's title would strengthen, not disrupt, the adverse possession claim. *See Schoenherr v. Campbell, supra.*

Accordingly, the judgment is reversed, and the case is remanded to the trial court with directions to enter a decree quieting title in plaintiff.

Judge TAUBMAN and Judge KAPELKE concur.