## No. 15,826.

### VADE *v.* SICKLER, ET AL.
(195 P. [2d] 390)

Decided June 1, 1948.

Mr. HARRY BEHM, Mr. GEORGE FISCHER, for plaintiff in error.

Mr. DONALD F. CLIFFORD, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

IN the year 1889 the owners of certain real estate in Adams county made and recorded a plat subdividing it into blocks, under the name of Irondale, and therein granted to the public users all streets as shown and designated thereon. Apparently this plat of Irondale was subsequently vacated, but when or how does not appear. Under date of the second day of March, 1942, the county conveyed to plaintiff in error, Vade, a parcel of ground described by legal subdivision and as "formerly known as block 92, Irondale" whereunder he claims title. Defendants in error, Sickler, claim title of record by virtue of warranty deed to them in joint tenancy dated the 24th day of November, 1945, conveying property described as "formerly known as block 91, Irondale, now vacated" as well as by metes and bounds. According to the Irondale plat, block 92 lies east of block 91 and the two blocks are separated by a platted north and south street sixty feet in width. However, the undisputed evidence discloses that no road was actually constructed on the land so reserved and designated therefor and no use of that land has been made at any time for road purposes. Instead, there has existed since as early as 1916, and before any considerable settlement in that area, a road approximately twenty feet in width practically parallel to the platted street and a short distance east thereof, which extends across the west side of plaintiff's block 92.

Since 1921, at least, this road has been graded and maintained by the county and there has been a fence along its west side. This fence intersects the north line of plaintiff's block 92 at a point eight feet west of its northwest corner and from there it extends south, approximately along the west line of the block until it intersects the south line three feet east of its southwest corner. Defendants in error, Sickler and their predecessors in interest have at all times since 1921, at least, held possession up to this fence as the east line of their land, thus enclosing and including as a part of block 91 to which they hold record title, virtually the entire sixty foot strip platted as a street.

This action was brought by plaintiff against defendants Sickler and the Board of County Commissioners of Adams county, wherein he prayed: (1) That the highway be moved westerly to the location of the street as shown on the plat of Irondale; and (2) that defendants Sickler be required to move their fence westerly to their true east line according to the Irondale plat. Defendants in their answer alleged adverse possession and other defenses. From adverse judgment plaintiff here seeks relief.

 (1) The road as now located across plaintiff's land had been in open public use and maintained by the county for more than twenty-three years prior to the bringing of this action. There is no evidence that it was so located by mistake. Even if the road was established after the platting of Irondale, the commissioners were not restricted in the location of public highways to the streets as platted in the subdivision, and in the absence of showing to the contrary it is to be presumed that the road was legally established where now located. 1 Elliott, Roads and Streets (4th ed.) §189. This presumption, in our state, has been reinforced by statute: "The following are hereby declared to be public highways: * * * Third—All roads over private lands that have been used adversely without interruption or

objection on the part of the owners of such lands for twenty consecutive years." '35 C.S.A., c. 143, §1. The trial court correctly held that the road as established and maintained is a public highway. Being such, neither the county commissioners nor the courts can require it to be vacated or altered except in the manner provided by law.

▮ (2) The trial court found that defendants and their grantors had held the land enclosed by their fence adversely to the plaintiff and his grantors for more than twenty years. This finding is supported by the undisputed evidence: That this is farm property; that the fence to which defendants claim, has existed on the same line for well more than twenty years; that a telephone line has existed along that fence since 1924 with nine poles set on block 92; that the fence marked the west boundary line of the highway maintained by the county, as well as the east line to which defendants and their predecessors claimed; that the present road is about a mile long and the other property line fences appear to be on the same line as that of defendants; that there are trees and improvements close to the present fence; that if the fence were moved back to the platted line it would be within eight feet of defendants' house and the chicken houses, erected many years before, and the trees to the east of the house would be within the highway. This finding is challenged by plaintiff on the ground that defendant's predecessor in interest, who owned and lived on the property from 1922 until 1944 testified that, so far as he knew, the true boundary line was where the fence was; that he assumed the fence to be the east boundary and that he made no claim to the property of any one else.

There is no challenge as to the sufficiency of the evidence otherwise to establish adverse possession. Such possession had been continuous and exclusive for more than eighteen years. It was sufficiently open and obvious both as to the fact of possession and as to its ad-

verse character, to apprize the true owner, in the exercise of reasonable diligence, of an intention to claim adversely. It constituted such control and dominion over the premises as are usually and ordinarily associated with ownership. In such case the presumption is that the possession is adverse. *Trueblood v. Pierce*, 116 Colo. 221, 179 P. (2d) 671. "The fact that one encroaches on his neighbor's property by building a fence, or making improvements thereon, thinking the property is his, and that he had no intention of claiming any of his neighbor's property, is not controlling on the question as to whether the possession is adverse. If it were, the protection of the statute would be limited to those who deliberately set out to steal neighbor's property and to cases where there has been an actual dispute as to the location of the boundary line. In no other case does the occupant intend to claim the land adversely, regardless of legal title." *Edie v. Coleman*, 235 Mo. App. 1289, 141 S.W. (2d) 238. The question of intention is to be arrived at by reasonable deductions from the acts as well as declarations of the parties involved. Where one holds possession beyond his true line in good faith believing the additional land to be embraced within the description in his deed, and later, still so believing, makes conveyance of the land, it is patently impossible for him thereafter to assert with finality what he would have done, or what his intent would have been, had he learned during his ownership that he was occupying beyond his true line. There could be no existing intent in relation to a nonexisting situation, and any subsequent declaration of intent could be only a supposition or surmise largely by rationalization, with little if any probative value. *Rock Springs v. Sturm*, 39 Wyo. 494, 273 Pac. 908. 97 A.L.R. 1; *Edie v. Coleman, supra; Mielke v. Dodge*, 135 Wis. 388, 115 N.W. 1099. In the case of *Bettack v. Conachen*, 235 Wis. 559, 294 N.W. 57, it is stated: "This case [*Mielke v. Dodge, supra*] is in accordance with the modern trend of decisions, that the acts of the parties or

the situation of the premises may be such as to make unnecessary proof of any secret or unexpressed intention by the one claiming adversely as to the character of his possession. In other words, actual visible hostile possession to a given line satisfies the statute even though the intention was to claim only to the true line."

We believe the better rule in such situation as is now before us, to be that the intent must be that which reasonably appears from the nature and extent of the possession held. This is usually a question of fact and it has here been determined by the trier of fact adversely to plaintiff's contention. The evidence supports the finding and the judgment is affirmed.