No. 16,392.

HODGE ET AL. *v.* TERRILL ET AL.
(228 P. [2d] 984)

Decided January 8, 1951.   Rehearing denied March 12, 1951.

Mr. R. Franklin McKelvey, Mr. George R. Armstrong, for plaintiffs in error.

Mr. James B. Garrison, Mr. George E. Dilts, for defendants in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

Joe C. Terrill and Myrtle E. Terrill brought an action to "quiet title" to certain lands allegedly owned by them and in their possession, naming, among many others, J. L. Hodge, Alta Denham and Gertrude Steinberg as defendants. Trial was had to the court, resulting in findings and decree in plaintiffs' favor. The three named defendants, seeking a review of the decree, bring the cause here by writ of error. We will herein refer to the parties as they appeared in the trial court, namely as plaintiffs and defendants.

The complaint was filed on February 13, 1945, and therein it was alleged that the plaintiffs were the owners and in possession of certain real estate therein described by metes and bounds, and that the defendants named, and others, claimed "some right, title, interest, equity or estate in and to the subject matter of this action adverse, and without right as against plaintiff's title." Thereafter, and on March 8, 1945, a motion for a bill of particulars was filed by the named defendants, which motion remained undetermined. Thereafter and on April 20, 1945, the three named defendants filed an answer, in which it is alleged as a first defense that the complaint did not state facts sufficient to constitute a claim upon which relief might be granted; in the second defense each and every allegation of the complaint was denied;

in the third defense each defendant set forth a description of the property owned by him or her, describing the same by metes and bounds, and further alleging possession in the individual defendant and superior title; further it is alleged therein that the individual defendant had been in possession of his or her premises "for a period of more than seven (7) years next prior to the bringing of this action and have paid all taxes and assessments to and against said lands during the periods of their possession or the possession of their predecessors in title."; for a fourth defense it was alleged that there is "a public way which serves the lands of the defendants crossing the northern portion of plaintiffs land, and has been a public way for a period of more than fifty (50) years next prior to the bringing of this action."

Thereafter and on November 26, 1945, an amended complaint was filed in which the above named defendants were included, but others than those named in the original complaint were made parties defendants, and the description of the lands owned by plaintiffs was somewhat differently described. No answer was filed to the amended complaint.

The action lay dormant until September 15, 1947, when the court entered an order finding "that the issues herein involve the determination of a disputed boundary line and that a Commission should be appointed by this Court for the purpose of making a survey for the determination thereof;" thereafter and on January 20, 1948, the court appointed one Fred W. Paddock as commissioner, and, among the duties of said commissioner, it directed that "he shall forthwith proceed to locate and determine said boundary, * * * that in particular he shall find and locate the true course of the *east-west center line of Section 27 Township 36 North, Range 16 West* New Mexico Principal Maridian, Montezuma County, Colorado; * * *." The commissioner filed his report February 2, 1948.

Trial was begun on June 1, 1948, and was concluded

June 2, 1948, resulting, as we have said, in a decree and order "quieting title" in plaintiffs, and dispensing with a motion for a new trial. The cause was docketed in our court December 12, 1948; became at issue on June 2, 1950, and was orally argued on August 30, 1950.

It is apparent from the record that at the time of the trial another action, numbered 1423, pending on the docket of the district court—the parties to which are not disclosed by the record—was consolidated with this action, designated as number 1410 on the court's docket, for trial. It is apparent from the record that in case number 1423 the purpose of the action was the establishment of a public road through a part of section 27. It is further disclosed by the record that at the court's suggestion and at the conclusion of the first day's trial, a stipulation was entered into between the present parties on the morning of the second day of the trial, which resulted in the establishment of a highway sought in case number 1423. Because of some confusion in the briefs, reference to the stipulation is deemed advisable.

Mr. Hughes, attorney for plaintiffs in case number 1410, and presumably an attorney in case number 1423, stated: "They accept a 50-foot right-of-way, 25 feet on each side, east and west, of the Hodge, Steinberg property line, extended south to the oil, Highway 666, *leaving the issue to the Court as to the location of the dividing line between the properties of the plaintiffs and defendants*. In the case in which the County Commissioners are plaintiffs [1423], that is to be dismissed with prejudice" (Emphasis supplied). According to the statement of counsel representing defendants here, that stipulation was satisfactory to them.

"The Court: The stipulation and agreement quoted by counsel of record approved by the Court and made a part of the findings in this case * * * Case No. 1423, Board of County Commissioners v. Terrill dismissed with prejudice."

In the findings and decree entered in number 1410, we

find: "It is further considered, adjudged and decreed That the said above described lands of the plaintiff's shall be subjected to an easement and right of ingress and egress in favor of the said defendants, and their licensees and permitees, according to description and under terms and conditions as follows, to-wit: A strip of land 50 feet in width, lying 25 feet on either side of a center line procured as follows: Extending southerly the east property line of J. L. Hodge, which line is the West property line of defendants Steinberg and Denham to its intersection with the Northerly right of way line of U. S. Highway No. 160 as now constructed, and which highway lies Southerly from the properties of said defendants above named; said easement to be extinguished should the ownership of said Hodge-Steinberg and Denham properties ever be united with the ownership of the lands across which said easement passes: the northern boundary of said easement to coincide with the East-West center line of said Section 27, as herein found to exist."

It is established by the undisputed evidence that the deeds under which plaintiffs claim title describe their lands as lying in the southeast quarter of said section 27, and those under which these defendants claim title, delineate their plots as lying in the southeast quarter of the northeast quarter, and adjoining the east-west center line of said section. There is undisputed evidence, to which no objection was interposed, that immediately south of defendants' plots of land is a fence which was erected as early as 1880 and has remained in that location at all times subsequent thereto; that defendants and their predecessors have been in possession of the lands lying immediately north of said fence and adjacent thereto since its construction. Immediately south of this fence there has been a roadway or passageway used by defendants and their predecessors in interest as a means of ingress and egress, and since by stipulation of the parties in case number 1423 the question of the highway

has now been established as an easement, it need not further be considered here except as to its location.

It is evident from the record that the court proceeded upon the assumption that the parties to the litigation in case number 1410 were seeking the establishment of the true east-west center line of said section 27, and if this was the issue for determination, we shall assume that the commissioner's report, although not entirely satisfactory, was properly a sufficient basis for the court's determination. The undisputed evidence clearly and convincingly establishes the fact that plaintiffs and defendants, by their various deeds, conveyed lands in the designated quarter sections, and the record also is clear that the taxes paid by both plaintiffs and defendants were on land assessed according to their legal descriptions.

The following stipulation is quoted by the court in its findings and decree: "The case, in the nature of a quiet title proceeding, originally involved more parties and more issues than are now before this Court. However, *by stipulation entered into by the parties on June 1, 1948,* and approved by the Court, some of the issues were resolved, and the parties defendant then remaining, consist of J. L. Hodge, Alta Denham, and Gertrude Steinberg. *By that stipulation it was agreed* that 'the only issues to be considered herein by the Court shall be such as deal with the location of the north property line of plaintiffs in that part of the Southeast quarter of Section 27, Township 36, North Range 16 West the New Mexico Principal meridian, lying east of Highway No. 160 as now constructed, which line is also the south boundary line of the property of defendants above named, to-wit: J. L. Hodge, Alta Denham, and Gertrude Steinberg; *that is the determination by the Court of the East-West center Section line of Section 27 aforesaid.*'" (Emphasis supplied)

This quoted stipulation appearing in the court's findings and decree, and apparently adopted by the court in

its determination of this action, is not to be found in the record. It would appear from the finding of the court above quoted that the stipulation as to location of the true property line was construed as a stipulation concerning the true east-west center section line. If so, we think the court erred therein. If the parties to this litigation had stipulated as set forth in the findings and decree entered by the court, and had the same appeared in the record, the judgment should be affirmed for the undisputed evidence—to which no objection was interposed—with reference to the location of the fence immediately south of defendants' property, erected in 1880 and maintained in the same location subsequent thereto, would have been irrelevant and immaterial, and adverse possession either under the seven year statute, or any other statute, would have been abandoned and withdrawn as a defense in this action by said stipulation. In our present determination we are bound by the record, and the quoted stipulation not appearing therein, we must decline to consider it.

■ ■ Plaintiffs in error specify twenty-six points, needlessly repetitious, and the only one we shall consider is that in which they specify error to the trial court's refusal to adjudge that defendants acquired title by adverse possession to those lands lying north of the fence which, according to the commissioner's report, were found to lie in the southeast quarter of said section 27 and not on the east-west center line thereof. Defendants did not plead adverse possession under the provisions of section 136, chapter 40, '35 C.S.A., but in their third defense, relied upon section 143 of said chapter. Nevertheless there was evidence introduced, to which no objection whatever was interposed and which was undisputed, that defendants and their predecessors in interest had occupied their plots of land in the southeast quarter of the northeast quarter of said section 27, as well as those lands lying northerly of the fence found by the commissioner to be south of this east-west intersec-

tion line for more than sixty years prior to the commencement of this action. Under the evidence as presented, the issue to be tried by the court was not the location of the east-west center section line of said section 27, but adverse possession under section 136 of said chapter 40. Under our Rule 15 (b) R.C.P. Colo., this evidence with reference to the long continued possession being before the court, it became the court's duty to determine the issue thus presented as if it had been raised by the pleadings. *Toy v. Rogers,* 114 Colo. 432, 165 P. (2d) 1017; *United States National Bank v. Bartges,* 120 Colo. 317, 210 P. (2d) 600. The evidence clearly establishing that defendants had been in possession of the plots north of and adjacent to the fence for a period in excess of eighteen years, there was a presumption that said possession was adverse, and, consequently, the burden then was upon plaintiffs to overcome this presumption, which they did not attempt to do. *Trueblood v. Pierce,* 116 Colo. 221, 179 P. (2d) 671, 171 A.L.R. 1270; *Lively v. Wick,* 122 Colo. 156, 221 P. (2d) 374.

The factual situation in *Lively v. Wick, supra,* is somewhat similar to that in the instant case. We therein said: "The trial court found that the true boundary line between plaintiffs' and defendants' property was the north and south center line of section 34. This finding was based upon the calls of the respective deeds—plaintiffs' conveying the Northeast quarter of the Northwest quarter, and defendants' conveying the Northwest quarter of the Northeast quarter. The court further found that this line was 51.5 feet east of the present boundary line on the north and 26 feet east of the present boundary line on the south. * * * These findings are based upon the testimony of plaintiffs' engineer and also upon plaintiffs' Exhibit A, being a map showing the present boundary line and also the mutual boundary line called for by the title deeds to the litigants.

"The finding of the court, to which exception is taken,

reads: 'That the defendants' evidence has failed to establish acquiescence; or adverse user of any of the lands in dispute.' "

The only specification urged by counsel and considered in the above case was: "We believe that the judgment of the trial court was so clearly erroneous on the question of title by adverse possession and the establishment of boundaries by acquiescence that we have predicated no specification of points on any other grounds."

In *Lively v. Wick, supra,* the evidence established that a fence and a row of trees had been accepted as the boundary line between the two properties for more than eighteen years, although the same was not on the true boundary line as established by deeds to the respective parties. There, as here, a surveyor established the true boundary line as the same was set out in the respective deeds. We said in that case:

"We have recently determined this point [burden of proof] adversely to the contention of plaintiffs Wick in *Trueblood v. Pierce,* 116 Colo. 221, 223, 179 P. (2d) 671, 677, 171 A.L.R. 1270, where, referring to the litigants who occupied an analogous position to that of defendants Lively in the instant case, we said that they 'and their predecessors in title have been in possession of the easement for more than eighteen years; there is, as a result thereof, a presumption that their holding was adverse. [citing cases]; consequently, it was incumbent upon defendants to overcome this presumption, and this they did not attempt to do. The presumption being that plaintiffs' possession was adverse, the uncontradicted evidence is that plaintiffs and their predecessors in title were in open, notorious and visible use and occupation of the easement under a claimed right thereto for more than eighteen years, and as a result thereof fully established their right to the easement by prescription.

"Any doubt as to whether this presumption was limited to those acquiring an easement by prescription and not to those acquiring title by adverse possession or

acquiescence we resolved in favor of the latter in Vade v. Sickler, 118 Colo. 236, 195 P. (2d) 390, where we held, as stated in paragraph 3 of the syllabus, that 'Where a party has continuous and exclusive possession of land for more than eighteen years, such possession being sufficiently open and obvious to apprise the true owner, in the exercise of reasonable diligence, of an intention to claim adversely, the presumption is, that the possession is adverse.' "

■ In the present case the evidence discloses that neither defendant had been in possession of the land described in their respective deeds for the portion of the southeast quarter of said section 27 northerly from the fence for a period of eighteen years. However it conclusively establishes that defendants' predecessors had been in possession of this land for many years prior to the institution of the suit. In *Lively v. Wick, supra,* we quoted with approval from *Lundquist v. Eisenmann,* 87 Colo. 584, 290 Pac. 277, 281, the following: " * * * where, * * * there is privity of title or estate, the possession of successive disseizors may be joined or tacked together so as to be regarded as a continuous possession."

The principle announced in *Lundquist v. Eisenmann, supra,* was approved in *Trueblood v. Pierce, supra.*

■ Under the undisputed evidence, to which no objection was interposed, it was incumbent upon plaintiffs to overcome the presumption of adverse possession, and by their failure so to do, it was obligatory upon the court to find adverse possession in favor of defendants *if that issue was properly before the court.*

It should be noted that this action was begun and tried upon the assumption that quiet title actions were still recognized in this jurisdiction, notwithstanding the fact that our rules of civil procedure became effective April 6, 1941.

We recently had occasion to consider Rule 105 (a) R.C.P. Colo. in *Vogt v. Hansen,* ...... Colo. ......, 225 P. (2d) 1040, in which the opinion was announced on De-

cember 11, 1950, and therein it was said: "In any event, at the time this action was instituted, and at the time of the recording of the tax deed here involved, our former code had been supplanted by our rules of civil procedure and the rules of the code making specific provision for different forms of real-property action had been supplanted by Rule 105 (a), R.C.P. Colo., the pertinent part of which reads as follows: 'An action may be brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession. The court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties. The court may at any time after the entry of the decree, make such additional orders as may be required in aid of such decree.' This rule provides for one form of real-property action *in which there may be obtained a complete adjudication of the rights of all parties.* * * * Since the adoption of this rule, it is not form, but substance, which determines the nature of the action." (Emphasis supplied)

█ In this case, under the pleadings, as well as the evidence, it became the duty of the trial court to determine not the true east-west center line of said section 27, but rather to make a complete adjudication of the rights of all the parties. Under the undisputed evidence it became the court's duty to find and determine what rights defendants had acquired in plaintiffs' property by adverse possession. Defendants and their predecessors in interest having been in possession of the lands to which they claimed title for more than sixty years prior to the commencement of this action, and no evidence disputing this possession having been presented by plaintiffs, defendants' right to title by adverse possession was clearly established, and it became the duty of the trial court to so find and decree.

The judgment is reversed and the cause remanded

with instructions to set aside the findings and decree heretofore entered herein, and in lieu thereof enter a finding and decree in favor of defendants and against plaintiffs, awarding to defendants title and possession to that part of the southeast quarter of said section 27 lying northerly from the fence mentioned and described in the exhibits herein adjacent to the properties of the respective defendants.

MR. CHIEF JUSTICE HILLIARD dissents.