470 P.2d 933 (1970)
David A. HANEY and Edward Cowell, Plaintiffs in Error,
v.
Angeline S. OLSON, Defendant in Error.
No. 70-021. (Supreme Court No. 22656.)
Colorado Court of Appeals, Div. I.
March 17, 1970.
Rehearing Denied April 9, 1970.
*934 Costello & Kofoed, David L. Kofoed, Eugene F. Costello, Declan J. O'Donnell, Denver, for plaintiffs in error.
George T. Ashen, Thomas C. Singer, Denver, for defendant in error.
Not Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiffs in error were defendants below and will be referred to hereinafter as defendants; defendant in error was plaintiff below and will be referred to hereinafter as plaintiff.
Plaintiff brought this action to have title to Lots 30 and 31, Block 5, Wier Addition, City and County of Denver, quieted in her, by virtue of adverse possession. Plaintiff and her husband (deceased at the time of trial) purchased Lots 32 and 33, Block 5, Wier Addition, otherwise known as 640 Bryant Street, Denver, Colorado, in 1930. Adjacent to these lots, and to the south, are the two lots in controversy, Lots 30 and 31. Plaintiff introduced evidence designed to show that from 1930 until the commencement of this action in 1960, she (and her husband while alive) had been in possession of the subject lots, having made use of those lots as a garden, as a playground for her children and grandchildren, as a driveway and parking facility for her house, as a constant avenue of ingress and egress to her home, and as a repository for trash cans apparently left outside for trash pick-up. She further introduced evidence to the effect that she had never allowed the general public to use the two subject lots, except to the extent that on at least one occasion she allowed an individual to park his car on them for the fee of $1.00 per week; and that she and her surrounding neighbors considered the subject lots to be her property.
Defendants' evidence indicated, however, that record title to the two subject lots was *935 in one Minnie W. Cowell, who died in Los Angeles, California, in 1945, and that the subject property had passed by descent and distribution to Ruth C. Millard, Franklin W. Cowell, and Edward W. Cowell, her children, in equal shares. Their evidence further showed that Ruth and Franklin had quitclaimed their interest in the subject property to defendant Haney, who became owner of an undivided two-thirds interest in the property, while Edward Cowell retained his undivided one-third interest.
Plaintiff claimed that notwithstanding the status of the legal and record title, title to the subject lots had vested in her because of adverse possession; and it is on this basis, alleging actual, open, notorious, exclusive, and adverse possession continuously for a period of 18 years that she proceeded. Defendants denied these allegations.
Trial was held to the court, which found that plaintiff had proved all of the elements required for adverse possession, commencing with 1930, and decreed that title be quieted in her. Defendants perfected appeal and before this Court assign as error the trial court's finding that plaintiff had met the burden of proof required to show title by adverse possession.
We note (as defendants make quite clear in their brief) that plaintiff makes no claim under the Colorado seven year statute, which may be invoked when the claiming party contends possession under color of title, plus payment of taxes for seven consecutive years. C.R.S.1963, 118-7-8. Plaintiff apparently claims only under C.R.S. 1963, 118-7-1, which provides that "eighteen years adverse possession of any land shall be conclusive evidence of absolute ownership." With this prefatory remark in mind, we proceed to an analysis of whether or not the plaintiff has established her case.
It is well-settled in Colorado that to prove adverse possession, the claimant must show that "the possession was actual, adverse, hostile and under claim of right * * * [and] * * * open, notorious, exclusive and continuous for the statutory period." Segelke v. Atkins, 144 Colo. 558, 559, 357 P.2d 636. See also, Loshbaugh v. Benzel, 133 Colo. 49, 291 P.2d 1064; Lovejoy v. School District No. 46, 129 Colo. 306, 269 P.2d 1067; Evans v. Welch, 29 Colo. 355, 68 P. 776. Possession, alone, is not sufficient. Horne v. Hopper, 72 Colo. 434, 211 P. 665. It must be hostile and exclusive. Whether or not possession is "hostile" depends upon the intent of the claimant, which is determined "not only from the declarations of the parties but from reasonable deductions from the facts as well," and is a matter for the determination of the finder of fact, whose findings will not be overturned if supported by evidence. Anderson v. Cold Springs Tungsten, Inc., Colo., 458 P.2d 756, 758. Whether or not possession is "exclusive" depends upon the claimant's actions in asserting possession, as compared with those of the average landowner taken under similar circumstances to assert the exclusive nature of his possession. Therefore, it is not necessary, in order for possession to be considered exclusive, to prohibit any and all use of the property by the general public. For that reason, in Anderson, supra, the Colorado Supreme Court held that occasional use of property by picnickers did not defeat the claimant's claim to it by virtue of adverse possession. Similarly, in McKelvy v. Cooper, 165 Colo. 102, 437 P.2d 346, occasional, casual intrusion by fishermen was held not to defeat claimant's claim of exclusive possession for purposes of establishing adverse possession.
With these fundamental principles in mind, we proceed to the evidence presented in the case at bar.
Plaintiff's evidence shows use of the two subject lots as a driveway, parking facility, recreation area, garden plot and trash can repository, or combination thereof, from approximately 1930 onward; additionally, plaintiff shows that at least one outbuilding (a tool shed) was constructed upon the subject lots for use by members of her family who maintained their residence with *936 her at 640 Bryant Street at various times after 1930, and access to two other buildings (a garage and "guest house") was had by way of the subject lots. "Use" is definitely established in the record from 1930 onward; and although the uses may have varied, evidence indicates that the plaintiff used the subject lots continuously thereafter. Her evidence also shows, and is substantially uncontroverted, that she had taken steps to deny use of the property to the public at large by "posting" it as available for parking at $1.00 per week, and warning those off of the premises who sought to park without paying; and by otherwise restricting use of the property.
Evidence further shows that she thought the property was hers, and paid the applicable taxes and special assessments thereon from approximately 1928 onward, thereby providing the element of claim of right. Defendants allege that this, alone, defeats her claim, on the theory that one cannot adversely possess that to which he thinks he has legal title. That this theory is incorrect was made clear in Vade v. Sickler, 118 Colo. 236, 240, 195 P. 2d 390, where the court stated, quoting Edie v. Coleman, 235 Mo.App. 1289, 141 S.W.2d 238:
"The fact that one encroaches on his neighbor's property * * * thinking the property is his * * * is not controlling on the question as to whether the possession is adverse. If it were, the protection of the statute would be limited to those who deliberately set out to steal neighbor's property * * *". [Emphasis added.]
Further, her evidence shows that she restricted the public from general use of the property. Although the defendants introduced some evidence that neighborhood "kids" used to cross the subject property as a shortcut between various neighborhood points of interest, and evidence that perhaps, very occasionally, children who were not members of her family used to avail themselves to some degree of the premises, plaintiff's evidence was substantially that primary use was by her family and relatives, only. As was pointed out in Anderson, supra, occasional casual use of property by others does not defeat a claim under adverse possession because of lack of "exclusive possession." Further, her evidence was sufficient for the trial court to find the required element of "hostility," in that she did "post" the property as not open to parking without payment of a fee, and she did, in the absence of rebuttal testimony to the contrary, restrict the use of the property by the general public. The defendants have cited DeCola v. Bochatey, 161 Colo. 95, 420 P.2d 395, for the proposition that there is a strong presumption in favor of the record title holder as against a claim of adverse possession. This is true until the party claiming adverse possession has submitted sufficient evidence to the court to allow the court to conclude that possession was actual, adverse, hostile, open, notorious, exclusive, under claim of right, and continuous for a statutory period. Once these facts have been established, a presumption arises as to adverse possession which must be rebutted by the record owner. Hodge v. Terrill, 123 Colo. 196, 228 P.2d 984; Marr v. Shrader, 142 Colo. 106, 349 P.2d 706. The defendants fell far short of rebutting this presumption.
We do not find Segelke, supra, and Lovejoy, supra, cited by defendants to be apposite to the instant case, since both of those cases involved initial entry on the claimed premises by permission. The initial permission, then, necessarily had to be overcome by an unequivocal adverse act for the applicable statute to commence running. No such acts were done. There is no evidence of any permissive initial entry in this case. There is sufficient evidence in the record to sustain the trial court's findings with regard to the elements of adverse possession.
The judgment is affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.