482 P.2d 994 (1971)
Phyllis N. NILES, Gladys Stoner, Cecil Niles, Loretta Lee, a married woman, formerly known as Loretta Jean Niles, and Sheila La Fever, a married woman, formerly known as Sheila Euline Niles, Plaintiffs in Error,
v.
Phyllis J. CHURCHILL, Defendant in Error.
No. 70-664. (Supreme Court No. 24356.)
Colorado Court of Appeals, Div. II.
March 16, 1971.
Johnson & McLachlan, Harlan Johnson, Lamar, for plaintiffs in error.
Schmidt & Schmidt, Warren E. Schmidt, Springfield, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
This action involves a boundary dispute between adjoining landowners. The parties appear here in the same order as in the trial court and will be referred to by their trial court designations.
The determinative question presented by this appeal is whether the trial court erred in ruling at the end of the presentation of all evidence that plaintiffs had failed to prove adverse possession of a tract of land lying on plaintiffs' side of a common fence that ran between plaintiffs' property and that of the defendant's.
Undisputed evidence in the record established the following.
From sometime prior to 1939 until 1965, a common fence existed between the property of the plaintiffs and that of the defendant. Plaintiffs' property, and also the tract of land which is in dispute in this case, lay to the south of the fence and the defendant's property was to the north. From 1945, plaintiffs or their tenants had used all of the land up to the fence for grazing purposes and had regarded the fence as the boundary line between the two properties. In 1965, the defendant's *995 husband, since deceased, tore down the existing fence, erected a new fence to the south of the old fence, and located a well on that land lying between the old fence line and the new fence.
The trial court's ruling that plaintiffs had not established a title by adverse possession rests upon the theory that they had possessed the disputed land in the mistaken belief that it was their own land and without any proven intent of hostility toward the defendant's ownership. Our law on this point was set forth definitively in Anderson v. Cold Spring Tungsten, Inc., 170 Colo. 7, 458 P.2d 756, as follows:
"Hostility arises from the intention of the adverse possessor to claim exclusive ownership of the property occupied. No specific intent directed toward the property owner is required. This has been made amply clear in the boundary cases decided by this Court and particularly in Vade v. Sickler, 118 Colo. 236, 195 P.2d 390, where the court found hostile and adverse possession even though the adverse possessor had stated that he was claiming only to what he believed to be the true boundary of his land and had no intention of claiming the land of another. All that the court in Vade required to establish hostility was that the person claiming adverse possession occupy the property with belief that the property is his and not another's."
In the instant case, the evidence pertaining to the existence of the fence itself and the undisputed facts that for a period of over twenty years the plaintiffs and their tenants had maintained that fence and had grazed cattle on the disputed land, even though on only a seasonal basis, show that the plaintiffs did assert dominion and control over the disputed land. In Hodge v. Terrill, 123 Colo. 196, 228 P.2d 984, our Supreme Court ruled as follows:
"* * * The evidence clearly establishing that defendants had been in possession of the plots north of and adjacent to the fence for a period in excess of eighteen years, there was a presumption that said possession was adverse, and, consequently, the burden then was upon plaintiffs to overcome this presumption, which they did not attempt to do. Trueblood v. Pierce, 116 Colo. 221, 179 P.2d 671, 171 A.L.R. 1270; Lively v. Wick, 122 Colo. 156, 221 P.2d 374, 375."
See also Marr v. Shrader, 142 Colo. 106, 349 P.2d 706.
The record before us is void of any evidence which would rebut the presumption of adverse possession established by plaintiffs' evidence of exclusive and continuous possession of the property up to the old fence line for a period in excess of eighteen years. Consequently, the plaintiffs did prove title to the disputed tract of land by way of adverse possession. Hodge v. Terrill, supra.
It is true that whether possession is hostile or adverse is ordinarily a question of fact, and a finding on this issue made by the trial court would normally not be set aside on review. However, as was stated in Anderson v. Cold Spring Tungsten, Inc., supra, this restraint does not limit the power of the reviewing court to reject a trial court's findings and conclusions where they are not supported by evidence or where the law has not been correctly applied.
The equitable considerations raised by the defendant do not alter the result reached here. The significant sums expended by the defendant's husband in locating the well and the trial court's finding that the disputed tract was wasteland cannot defeat plaintiffs' rights of ownership.
The judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.
SILVERSTEIN, C. J., and ENOCH, J., concur.