531 P.2d 991 (1974)
Reuben BREHM and Margaret Brehm, Plaintiffs-Appellants,
v.
Vern JOHNSON et al., Defendants-Appellees.
No. 74-088.
Colorado Court of Appeals, Div. I.
December 3, 1974.
Rehearing Denied December 24, 1974.
Certiorari Denied March 3, 1975.
*992 Miller & Miller, David J. Miller, Greeley, Dawson, Nagel, Sherman & Howard, Michael A. Williams, Denver, for plaintiffs-appellants.
Houtchens, Houtchens & Dooley, John J. Dooley, Greeley, for defendants-appellees.
Not Selected for Official Publication.
ENOCH, Judge.
This litigation was commenced by plaintiffs, Reuben and Margaret Brehm, as an action for trespass to land and for a declaratory judgment. At trial, however, the question presented by the parties was the location of property lines between plaintiffs' land and land belonging to or occupied by the various defendants. The court treated the action as if it had been brought under C.R.C.P. 105, and granted relief establishing property boundaries between the holdings of the various parties. Plaintiffs appeal. We affirm.
Since 1947 plaintiffs have been owners of the northwest quarter of a section of land in Weld County. Defendants are owners or occupants of the southwest, southeast, and northeast quarters of that same section. Each of the parties acquired his respective title by separate deed describing his property as a particular quarter section with specific reference to the United States Government Survey. The deeds contained no reference to fence lines or center posts.
For many years the properties in question were divided by fences running in substantially straight lines from quarter corners of the section to a common post which was assumed by the parties to be the center of the section. That post is still standing. The trial court found that the parties treated these fences as the boundaries between their properties and not merely as barriers. Beginning in 1949 certain portions of the fences were taken down. However, there was evidence that even after some fences were removed, their former locations continued to be treated as boundary lines.
In 1972 plaintiffs commissioned a survey of their property, which ultimately established that the true center of the section was several feet southeast of the common post from which the fences ran. In effect, the fence lines reduced plaintiffs' quarter section by approximately .64 acres.
In a trial to the court, the court found that the fence lines, as they existed or had previously existed, had been recognized and acquiesced in for more than 20 years. It also found that the defendants had adversely possessed properties up to the fence lines for more than 18 years. Therefore, the court concluded that the fences had been established as the lawful boundary lines in respect to these properties.
Plaintiffs argue that there was insufficient evidence for the court to have concluded that the fences were the pertinent *993 legal boundaries and that the standard applied by the court respecting adverse possession violates the due process clause of the Fourteenth Amendment.
As indicated, the trial court based its determination of property lines on both acquiescence and adverse possession. In respect to acquiescence, C.R.S.1963, 118-11-9, provides that:
"[I]f it is found that the boundaries and corners [of real property] alleged to have been recognized and acquiesced in for twenty years have been so recognized and acquiesced in, such recognized boundaries and corners shall be permanently established."
Whether a fence has been acquiesced in so that it becomes the permanently established boundary respecting real property is a question of fact. Hartley v. Ruybal, 160 Colo. 80, 414 P.2d 114. Where parties mistakenly locate a fence between their properties and thereafter conduct themselves in a manner indicating that they claim no property beyond that fence for a period exceeding 20 years, the fence line becomes the accepted boundary between the properties. Hartley v. Ruybal, supra. Here, the court's finding of acquiescence is supported by the evidence and will not be disturbed on review. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.
The trial court also determined that the fence lines constituted boundaries because the defendants adversely possessed property up to the fence lines for more than 18 years. 1967 Perm.Supp., C.R.S.1963, 118-7-1, provides that: "Eighteen years adverse possession of any land shall be conclusive evidence of absolute ownership." Adverse possession can be based on mutual mistake in boundaries through the positioning of fences. Vade v. Sickler, 118 Colo. 236, 195 P.2d 390; Haaren v. More, Colo.App., 525 P.2d 475. The hostility requisite to establishing adverse possession in such circumstances is merely that of a person occupying property with the belief that the property is his own. Niles v. Churchill, 29 Colo.App. 283, 482 P.2d 994. The determination of adverse possession is a question of fact, not to be disturbed where supported by the evidence, as it is in this case. Niles v. Churchill, supra.
Finally, plaintiffs argue that the standards set forth by the Colorado Supreme Court and this court in prior cases and as applied by the trial court in determining adverse possession violate the plaintiffs' rights under the Fourteenth Amendment. This issue was not raised in the motion for new trial and is therefore not properly before this court for consideration. Cady v. City of Arvada, 31 Colo.App. 85, 499 P.2d 1203.
Judgment affirmed.
BERMAN and STERNBERG, JJ., concur.