**Barbara CUMPSTON, Plaintiff–Appellee,**

v.

**Robert NEIRINCKX, Defendant–Appellant.**

**No. 98CA0761.**

Colorado Court of Appeals,
Div. II.

Jan. 20, 2000.

Certiorari Denied June 12, 2000.

Aaron R. Clay, Delta, Colorado, for Plaintiff–Appellee

Leonard W.D. Campbell, Montrose, Colorado, for Defendant–Appellant

Opinion by Judge CRISWELL.[*]

In this declaratory judgment action, defendant, Robert Neirinckx, appeals from the decree entered in favor of plaintiff, Barbara Cumpston, in which the court declared that the location of a quarter section corner as determined by the county surveyor was correct. We affirm.

Plaintiff owns a parcel of land lying north of one owned by defendant. The deeds to both parcels use metes and bounds descriptions that start with the east quarter corner of Section 19, T. 13 S., R. 94 W. of the 6th Principal Meridian.

In 1972, a surveyor located this quarter corner and established a monument (the 1972 monument) to mark its location. However, approximately 22 years later, plaintiff and several other landowners in the neighborhood asked the county surveyor to establish that corner. The county surveyor first decided that the original monument designating that quarter corner had been "obliterated," and he then determined that its true location was 10.6 feet south of the 1972 monument. He established a new monument in that location.

When defendant refused to recognize the new monument as the true location of the pertinent quarter corner, plaintiff filed a complaint seeking, *inter alia,* a declaratory judgment that the monument established by the county surveyor defined the true and correct location of the east quarter corner of Section 19.

After an evidentiary hearing, the court concluded that the required procedures for establishing a quarter corner monument had properly been followed and that the quarter

---

[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, sec. 5(3), and § 24–51–1105, C.R.S.1999.

corner as located by the county surveyor was supported by the "majority of all of the physical evidence." The court also rejected defendant's claim of adverse possession to the 10.6 feet of ground that he had been possessing, based upon the location of the 1972 monument.

## I.

■ Defendant first contends that the district court erred by allowing plaintiff to proceed under § 30–10–906, C.R.S.1999. He argues that the parties were involved in a private boundary dispute that could only have been resolved under § 38–44–101, C.R.S.1999. We disagree.

Generally, private boundary disputes may be resolved under § 38–44–101, which provides that:

> When one or more owners of land, the corners and boundaries of which are lost, destroyed, or in dispute, desire to have the same established, they may bring an action in the district court of the county where such lost, disputed, or destroyed corners or boundaries or parts thereof are situated against the owners of the other tracts which would be affected by the determination or establishment thereof, to have such corners or boundaries ascertained and permanently established.

However, the location of a section corner or quarter section corner is governed by § 30–10–906, which instructs that:

> Whenever the proper location of any section corner or quarter section corner is in dispute, a corner monument shall be established by the county surveyor for the county in which such corner is located pursuant to this section.

Moreover, if any "interested party" submits an application to the county surveyor seeking a determination of the proper location of a section corner or quarter section corner, the county surveyor is required to gather evidence and to conduct any necessary surveys to establish the location of a monument. Section 30–10–906(2)(a), C.R.S. 1999. A corner monument established by the county surveyor pursuant to these procedures "shall be the true and legal monument

defining the boundary corner as stated in the record of the survey." Section 30–10–906(3)(c), C.R.S.1999.

At the time that plaintiff filed her complaint here, § 30–10–906 contained no provisions delineating the procedure that was to be followed either to enforce or to object to the county surveyor's monument location. That statute still does not prescribe the procedure to obtain judicial approval of that location, although it now makes clear that any party interested in objecting to that location must bring an action under § 38–44–101 within six months' of the county surveyor's decision. *See* Colo. Sess. Laws 1997, ch. 280, § 30–10–906(3)(c) at 1629.

We conclude, however, that the means chosen by plaintiff here, a declaratory judgment and injunctive action, is an appropriate means to secure judicial approval of the county surveyor's decision.

The language of § 30–10–906 dictates that disputes about the location of section and quarter section corners are governed by that statute. Moreover, contrary to defendant's assertions, the existence of a private boundary dispute does not alter the applicability of the statute. Indeed, the statute contemplates that a private boundary dispute may exist, because it imposes the duty on the county surveyor to establish a monument if an application is filed by an "interested party." This reference necessarily is to those individuals whose property boundaries will be affected by its proper location. We conclude, therefore, that the procedures under § 30–10–906 may be used to resolve disputes over the proper location of a section or quarter section corner, even if those disputes are related to the location of a private boundary.

Here, after several interested landowners, who questioned the location of the east quarter corner, requested the county surveyor to determine the proper location of that quarter corner, the county surveyor located that corner pursuant to the provisions of § 30–10–906. Although plaintiff and defendant were involved in a private dispute about the boundaries of their properties, the determination of those boundaries depended upon the resolution of the dispute about the loca-

tion of that corner. That dispute did not involve an interpretation of any deeds, nor did it involve an alleged mis-designation in a deed.

We conclude, therefore, that, because the proper location of a quarter section corner was in dispute, the court did not err by allowing plaintiff to proceed under § 30–10–906.

## II.

■ Defendant next argues that the court erred by concluding that the county surveyor had properly complied with the requirements of § 30–10–906. We disagree.

Under § 30–10–906, a county surveyor is required to establish a monument marking a corner section in accordance with § 38–51–103, C.R.S.1999, which requires a surveyor to proceed according to the applicable rules contained in the *Manual of Instructions for the Survey of the Public Lands of the United States,* U.S. Department of the Interior Bureau of Land Management (1973) (*Manual of Surveying Instructions* ).

The *Manual of Surveying Instructions* describes an "obliterated corner" and provides guidance with respect to the establishment of such a corner.

> An obliterated corner is one at whose point there are no remaining traces of the monument or its accessories, but whose location has been perpetuated, or the point for which may be recovered beyond reasonable doubt by the acts and testimony of the interested landowners, competent surveyors, other qualified local authorities or witnesses, or by some acceptable record evidence.
>
> A position that depends upon the use of collateral evidence can be accepted only as duly supported, generally through proper relation to known corners, and agreement with the field notes regarding distances to natural objects, stream crossings, line trees, and off-line tree blazes, etc., or unquestionable testimony.

*Manual of Surveying Instructions* § 5–9.

Here, the county surveyor treated the quarter corner as "obliterated" and did not excavate in an attempt to locate the original monument. He established the location of the east quarter corner by relying upon the location of several existing fences, a number of artificial markers, the monument at the west quarter corner of Section 19, and various other physical objects.

Defendant argues that the surveyor's failure to excavate to locate the original monument and his reliance upon physical evidence violated the procedures established in the *Manual of Surveying Instructions.* However, the county surveyor's decision not to excavate and his reliance on physical evidence to establish the location of the quarter corner do not run afoul of any requirements or prohibitions contained in the *Manual of Surveying Instructions. See United States v. Doyle,* 468 F.2d 633 (10th Cir.1972)(means to ascertain location of obliterated monuments include collateral evidence: boundary fences and artificial monuments, such as poles, roads, and improvements).

We conclude, therefore, that the record supports the court's finding that the county surveyor complied with the requirements set forth in § 30–10–906 and that the evidence supported the location of the quarter section corner as determined by him. Therefore, we will not disturb the court's ruling. *See People v. Padgett,* 932 P.2d 810 (Colo.1997)(trial court's findings of fact will not be disturbed on appeal if there is adequate support for them in the record).

## III.

■ Finally, defendant contends that the court erred by failing to conclude that a boundary between the two parcels had been established either by adverse possession or by acquiescence. We are not persuaded.

■ Defendant carried the burden of establishing title through adverse possession or acquiescence in a common boundary. *See Palmer Ranch, Ltd. v. Suwansawasdi,* 920 P.2d 870 (Colo.App.1996)(one claiming title by adverse possession has the burden of proving the claim by a preponderance of the evidence); § 38–44–109, C.R.S.1999 (established common boundary binding upon all the parties). Whether defendant carried the

burden of establishing his claims is a question of fact, and the trial court's findings on this issue will not be disturbed on review unless they are clearly erroneous. *Brehm v. Johnson,* 531 P.2d 991 (Colo.App.1974) (not selected for official publication).

Defendant has not cited any evidence in the record that would compel us to conclude that he established his claims as a matter of law, and therefore, we conclude that there was no error in the court's ruling.

### IV.

We have reviewed, but find no merit in, defendant's remaining contentions.

The judgment is affirmed.

Judge MARQUEZ and Judge RULAND concur.